[Civil No. 980.   Filed March 22, 1907.]

[89 Pac. 538.]

JOHN McGOWAN, Plaintiff and Appellant, v. J. M. GAINES, as Tax Collector of the County of Cochise, Territory of Arizona, et al., Defendants and Appellees.

1. TAXATION—COLLECTION OF TAXES—ATTORNEY—EMPLOYMENT—TAX COLLECTOR—AUTHORITY—LAWS 1903, P. 162, No. 92, CONSTRUED.— While Act No. 92, *supra,* authorizes the tax collector of a county to employ an attorney to bring suit for the collection of back taxes, and an attorney employed in the prosecution of a particular action may not be dismissed by the tax collector without cause so as to deprive him of the compensation for his services, yet the statute does not confer upon the tax collector authority to make an irrevocable contract for the services of an attorney in the prosecution of all suits.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. F. M. Doan, Judge.

Action by John McGowan against J. N. Gaines, as the tax collector of the county of Cochise, Arizona, and the Aetna Indemnity Company, a corporation, as surety on the official bond of said tax collector.

The necessary facts are stated in the opinion.

A. F. Parsons, and John McGowan, for Appellant.

The tax collector having made a contract within his legal authority and broken it without cause, he and his sureties are liable to plaintiff for at least nominal damages, the defendant Gaines having admitted the facts as alleged regarding the making and breaking of the contract in writing. When you admit a contract and its breach, you admit a cause of action. *Lumley* v. *Gye,* 2 El. & B. 216; *Rich* v. *New York etc. Co.,* 87 N. Y. 382; *Griffin* v. *Colver,* 16 N. Y. 494, 69 Am. Dec. 718; *Dean* v. *McLean,* 48 Vt. 412, 21 Am. Rep. 130; *Whittacre* v. *Collins,* 34 Minn. 299, 57 Am. Rep. 55, 25 N. W. 632. The rule is well settled that if a contract and a breach thereof are set out in the complaint, a demurrer on the ground that no cause of action is stated will be overruled, and at least nominal damages will be recovered. *Cowley* v. *Davidson,* 13 Minn. 92; *Wilson* v. *Clarke,* 20 Minn. 367; *Rider* v. *Pond,* 19 N. Y. 262, reversing *Rider* v. *Pond,* 28 Barb. (N. Y.) 447. A legal duty arises out of such contracts as the one here pleaded. *Rich* v. *New York etc. Co.,* 87 N. Y. 382; *Lampert* v. *Laclede Gaslight Co.,* 14 Mo. App. 376; *Piercy* v. *Averill,* 37 Hun, 360; *Keith* v. *Howard,* 24 Pick. 292; *Anne Arundel County Commrs.* v. *Duckett,* 20 Md. 468, 83 Am. Dec. 557. The notice of termination received from the tax collector entitled plaintiff to sue at once. *Skinner* v. *Tinker,* 34 Barb. 333; *Leffingwell* v. *Elliott,* 10 Pick. 204; *Brooks* v. *Moody,* 20 Pick. 474.

Pickett & Bowman, and Francis H. Hartman, for Appellees.

CAMPBELL, J.—Appellant brought this action upon the official bond of the tax collector to recover damages in the sum of $25,000, alleged to have been sustained by appellant by reason of the breach of a written contract entered into by him with Gaines, as treasurer and tax collector of Cochise county, Arizona. A general demurrer to the complaint was

sustained, and appellant assigns as error the ruling of the court in that respect.

It is alleged in the complaint that Gaines, as tax collector, contracted with appellant for his services as an attorney at law to prosecute suits to collect the taxes shown by the "back tax book" of Cochise county to be due, and that when appellant applied to Gaines for the certified copies of the records necessary to enable him to prosecute the suits, he refused to furnish them and declared the contract at an end. The contract was entered into on January 5, 1905, and the application for the certified copies made on July 27, 1905. It is not alleged that plaintiff was diligent in the performance of duties imposed upon him by the contract, or that the tax collector rescinded the contract without just cause. Aside from this, however, we are of the opinion that the demurrer was properly sustained. The contract was evidently entered into by the tax collector under the authority assumed to be conferred by Act No. 92 of the Twenty-second Legislative Assembly (Laws 1903, p. 162). We may concede that where, under this act, an attorney has been employed and has performed services in the prosecution of a particular case, the tax collector may not, without cause, dismiss him from that particular case, and thus deprive him of the compensation due him for his services. But it is not clear that the legislature contemplated conferring authority upon that officer to make an irrevocable contract for the services of an attorney in the prosecution of all suits. Such a contract is for the performance of important public services, and in the absence of a clear and positive expression of such legislative intent, we regard it as in contravention of sound public policy to hold that such contract is irrevocable.

The judgment of the district court is affirmed.

KENT, C. J., and SLOAN and NAVE, JJ., concur.